UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CEDRIC UPSHAW

VERSUS

BOARD OF SUPERVISORS OF
SOUTHERN UNIVERSITY, ET AL.

CIVIL ACTION

NO. 10-184-JJB

**RULING ON MOTION TO DISMISS OR STAY BASED ON ABSTENTION**

Before the Court are motions by defendants[1] to dismiss or, alternatively, stay these proceedings based on the *Colorado River* abstention doctrine. (*See* Docs. 50, 51 & 53). These motions were timely filed pursuant to the Court's direction that "[t]he parties shall file a motion by May 21, 2012 as to whether or not the court has jurisdiction in this matter." (Minute Entry of April 18, 2012, Doc. 47). Plaintiff Cedric Upshaw has not filed a motion, and the deadline has passed, so the defendants' motions are unopposed. Oral argument is unnecessary. The Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1343,[2] and 1367.

I.

The Court has previously described the factual backdrop leading to this lawsuit (Ruling, Doc. 42) and need not do so again here. Suffice it to say that plaintiff Cedric Upshaw's employment with Southern University was terminated on allegedly retaliatory grounds, and he has sued that body and numerous university officials and related entities. His claims are premised on Title VII, La. R.S. 23:967, 42 U.S.C. §§ 1983 and 1985, and Louisiana law on intentional infliction of emotional distress and abuse of rights.

---

[1] Defendants made parties to these motions include the Board of Supervisors of Southern University and Agricultural and Mechanical College ("Board"), Kassie Freeman, Patrick Magee, Walter Dumas, Murphy Bell, Tony Clayton, and the Southern University System Foundation ("Foundation").

[2] The parties erroneously cite 28 U.S.C. § 1333, the maritime jurisdictional statute, as a basis for jurisdiction in the Pretrial Order. (*See* Doc. 46, at 1). They likely intended to refer to 28 U.S.C. § 1343, the civil rights jurisdictional statute.

1

When Upshaw filed this action in this Court on March 19, 2010, (*see* Federal Court Complaint, Doc. 1), he duplicated in every material respect a state court petition he filed in Louisiana's 19th Judicial District Court on November 19, 2009. (*See* State Court Petition, Doc. 50-2, at 1-13). That state court case has proceeded to judgment[3] with respect to one defendant. On April 2, 2012, the state court judge granted summary judgment dismissal of all the claims asserted against the Foundation. (State Court Judgment, Doc. 50-2, at 14-15). While the Court dismissed *sua sponte* several of Upshaw's claims, it gave him 15 days to amend his petition to validly state a claim. (*Id.*). Upshaw failed to do so, and on April 20, 2012, the state court signed the judgment dismissing all of Upshaw's claims against the Foundation with prejudice. (*Id.*). The remaining defendants now seek dismissal of or a stay upon these proceedings based on the abstention principles articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). It is to that argument that the Court must now turn.

II.

The Supreme Court of the United States created a new category of abstention in *Colorado River*. The Court found the three then-recognized categories of abstention—1) *Pullman* abstention,[4] where federal constitutional issues might be mooted by a state court determination of state law, 2) *Burford* abstention,[5] where difficult and unresolved questions of state law the federal court is called to answer might disrupt a complex state regulatory regime, and 3) *Younger* abstention,[6] where federal courts are called upon to pass on questions subject to good faith, ongoing state criminal, quasi-criminal, or civil enforcement proceedings—inapposite

---

[3] The preclusive effect of the state court's action in this regard is the subject of a separate motion (Doc. 56), which will be dealt with in a subsequent ruling once that matter is submitted.
[4] *R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941).
[5] *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).
[6] *Younger v. Harris*, 401 U.S. 37 (1971).

2

of the question before it. *Colo. River*, 424 U.S. at 814-17. Instead, "*Colorado River* applies when suits are parallel, having the same parties and the same issues." *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006). However, while generally a state court action proceeding concurrently with a federal action is not a bar to federal jurisdiction based on federal courts' "virtually unflagging obligation … to exercise the jurisdiction given them," the Court nonetheless concluded that wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation supported abstention in certain instances where a contemporaneous exercise of concurrent jurisdiction occurred. *Colo. River*, 424 U.S. at 817 (citations omitted). Thus, while "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention", exceptional circumstances could nonetheless support dismissal. *Id.* at 818.

The Court enumerated the following non-dispositive factors as relevant to determine if "the clearest of justifications" existed so as to warrant dismissal based on exceptional circumstances:

(1) Assumption by either court of jurisdiction over a *res*;
(2) Inconvenience of the federal forum compared to the state forum;
(3) Avoidance of piecemeal litigation;
(4) The order in which jurisdiction was obtained by the concurrent forums;
(5) The extent to which federal law provides the rule of decision on the merits; and
(6) The adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Id.* at 817-18; *LAC Real Estate Holdings, L.L.C. v. Biloxi Marsh Lands Corp.*, 320 Fed. Appx. 267, 270 (5th Cir. 2009). Still another factor to consider includes "the vexatious or reactive nature of either the federal or the state litigation." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 17, n. 20 (1983). Due to the extraordinary nature of abstention,

the balance of factors initially begins "heavily weighted in favor of the exercise of jurisdiction." *Id.* at 16.

III.

The first factor—exercise of jurisdiction over an indivisible *res*—is not implicated here because no *res* is involved. "[T]he absence of this factor … supports exercising federal jurisdiction." *Stewart*, 438 F.3d at 492 (citations omitted).

The second factor—relative inconvenience of the federal forum compared to the state forum—counsels against abstention because the federal forum here in the Middle District of Louisiana and the state forum, the 19th Judicial District Court in Baton Rouge, are less than a mile apart, making either forum equally convenient.

The third factor—avoidance of piecemeal litigation[7]—supports abstention. It is at a minimum wasteful to have the parties trekking back and forth between federal and state court to litigate one issue here and another there, then retrace their steps to gain preclusive effect of this Court's judgment there and vice versa. Moreover, the danger of the two courts simultaneously considering the same issues or claims and rendering inconsistent verdicts is ever present. *See Art 57 Properties, Inc. v. 57 BB Property, LLC*, No. 99-10385, 2000 WL 423440, at *1 (5th Cir. Apr. 7, 2000) (per curiam).

The fourth factor—the order and nature of which court first obtained jurisdiction—favors abstention at first blush, but disfavors it on closer examination. It is true that the state court

---

[7] Surprisingly, Black's Law Dictionary does not contain a definition of "piecemeal." Elsewhere, "piecemeal" is defined simply as "gradually," "fragmentary," or "unsystematic." *See* Dictionary.com entry for "piecemeal", *available at* http://dictionary.reference.com/browse/piecemeal?s=t (last visited June 5, 2012) (citing Collins English Dictionary – Complete & Unabridged 10th Edition (2009)). At least three circuits have defined piecemeal litigation as occurring when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results. *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998); *LaDuke v. Burlington Northern R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989); *Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).

obtained jurisdiction over that case four months before this court did so. However, the proceedings have run at approximately the same pace. Because "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made," *Moses H. Cone*, 460 U.S. at 21, the Court must look to the substantiality of the proceedings which have already occurred to determine this factor. Focusing on this reality favors neither forum *per se*. This Court issued a ruling on various summary judgment motions on July 19, 2011. (*See* Doc. 42). The state court, apparently, did not reach this stage until the hearing on April 2, 2012. (*See* Doc. 50-2). Thus, while the state court action was filed first and substantial proceedings in that court have commenced, this Court has also invested judicial resources into the case, lessening the impact this factor might otherwise have. Moreover, the parties indicate that the state court has not yet set a trial date, whereas this Court has set this matter for trial on October 1, 2012. (*See* Doc. 47).

The fifth factor—whether federal substantive law applies to the claims on the merits—also disfavors abstention. State law provides the substantive rule of decision on the merits of the retaliation claims under La. R.S. 23:967 and the abuse of rights and intentional infliction of emotional distress claims, but federal law provides the substantive rule of decision on the merits with respect to the § 1983 and related 42 U.S.C. § 1985 claims, as well as the Title VII claims. Thus, the claims appear approximately equally divided between state and federal law. The federal interest in the federal forum is thus intensified because this is no mere diversity jurisdiction case. As *Moses H. Cone* indicated, "the presence of federal-law issues must always be a major consideration weighing against surrender." 460 U.S. at 26.

The sixth factor—the state court's ability to fully protect the rights of the party invoking federal jurisdiction—favors abstention. There is no facial reason why the state court proceeding

5

would not adequately protect the rights of Upshaw, who invoked federal jurisdiction by filing a federal complaint. The state court dismissed some of Upshaw's claims but gave him leave to amend within 15 days, a gesture that would be inconsistent with outright hostility to plaintiff's rights based on their federal nature. It is true that state court judges in Louisiana are elected, and the defendants are politically powerful higher-ups in the university system. This sole fact, though, *in no way* implies either that the state court judge would be intimidated by the prospect of taking on such defendants or would be corrupted by the prospect of currying favor with them, or that defendants would stoop to such tactics. The Court speaks in terms of sheer potentiality, and mere potential, without more, does not deserve weight in the final analysis. Upshaw has made no allegation that the practices and procedures of Louisiana state courts would infringe upon his ability to vindicate his federally protected rights, and Upshaw has asserted no claim premised on exclusive federal jurisdiction which might complicate that analysis. Thus, there is no indication the state forum cannot protect Upshaw's rights, alleviating any potential concerns over whether abstention would work an injustice.

The additional factor outlined in *Moses H. Cone*—the vexatious or reactive nature of a parallel proceeding—has been adopted by the Fifth Circuit. *See Telesco v. Telesco Fuel and Masons' Materials*, 765 F.2d 356, 363 (5th Cir. 1985) (holding "the conservation of judicial resources is a factor to be considered in determining the existence of exceptional circumstances justifying deference to a parallel state litigation"). The duplicative nature of this suit makes it both vexatious and potentially reactive: vexatious because it is a gross waste of judicial resources on both the state and federal level to deal with the exact same suit purposefully filed by the same plaintiff, and potentially reactive because Upshaw, perhaps displeased with the judge assigned to his case in state court, came to federal court four months later and chose to pursue his claims

here, essentially abandoning his state court case.[8] Upshaw's decision shows his intent to both forum shop and waste the time and effort of both judges hearing these cases.

On balance, however, the disappointing decision by plaintiff to pursue parallel litigation, standing alone, does not rise to the level of "exceptional circumstances" demanded by *Colorado River*. "[P]iecemeal litigation and some duplication of judicial effort is the unavoidable price of preserving access to the federal relief which section 1983 assures." *Signad, Inc. v. City of Sugar Land*, 753 F.2d 1338, 1340 (5th Cir. 1985) (quoting *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1980)). This is because the duty to exercise federal jurisdiction "is particularly weighty when those seeking a hearing in federal court are asserting … their right to relief under 42 U.S.C. § 1983." *Id.* (quoting *Tovar*, 609 F.2d at 1293). And while *Signad* dealt with a distinguishable situation where the federal plaintiff filed a second suit in response being sued by the federal defendant in a previously-filed state court action, it does not diminish the special weight federal courts must give to § 1983 actions when considering *Colorado River* motions. The parallel proceedings show this action to be somewhat vexatious, certainly duplicative, and undoubtedly wasteful, but on the other hand, there is no *res* involved, no added convenience in the state forum, substantial proceedings have occurred in federal court (including an imminent trial), and, most importantly, substantive federal law is at issue. Weighing these factors and remaining mindful of the heavy presumption against *Colorado River* abstention, the Court finds dismissal of and/or a stay of this case would be inappropriate because the "exceptional circumstances" demanded by the jurisprudence remain lacking.

---

[8] Based on Upshaw's characterization of his litigation tactics in this case, (*see* Opp. Memo., Doc. 55), one might ask why he has not non-suited or filed a motion for voluntary dismissal without prejudice with the state court if he has truly chosen to pursue his claims in this Court rather than that one.

IV.

Accordingly, it is ORDERED that defendants' motions to dismiss and/or to stay based on *Colorado River* abstention (Docs. 50, 51 & 53) are hereby DENIED.

Signed in Baton Rouge, Louisiana, on June 7, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**